majority nonetheless holds that there is no constructive suspension because "Alston herself was responsible for failing to provide the necessary medical documentation and, therefore, is considered to have initiated this period of unpaid leave." *Ante* at ——. That is, according to the majority, Alston "voluntarily" initiated leave by refusing to satisfy the agency's demands for documentation. In my view, nothing in *Perez*, or any other case, suggests that an agency can escape Board review of a constructive suspension by involuntarily placing an employee on indefinite leave without pay for failing to produce medical documentation. I am unable to agree with the majority that an agency has such authority with respect to its employees.[1]

For these reasons, I concur in the judgment only.

first, handled at the lowest legal level possible," which the court treats as a response to its April 20, 2005 order.

The court's order directed Ellermets to show cause why his petition for review should not be dismissed as premature in light of the fact that his petition for review of the same matter remains pending before the Merit Systems Protection Board. It appears that Ellermets agrees that the Board should review his case before the matter is reviewed by this court.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for review is dismissed.

(2) Each side shall bear its own costs.

**Arne ELLERMETS, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 05–3113.

United States Court of Appeals, Federal Circuit.

June 1, 2005.

*ORDER*

PROST, Circuit Judge.

Arne Ellermets submits a letter thanking the court for "ensuring that my case is,

**David Paul RUSSELL, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 05–5053.

United States Court of Appeals, Federal Circuit.

June 2, 2005.

Before MICHEL, Chief Judge, DYK and PROST, Circuit Judges.

---

1. I agree with the majority that there was no constructive suspension before May 18, 2000, because Alston was on paid leave. However, I do not think an initial period of paid leave affects the reviewability of a subsequent period of enforced unpaid leave.